WHITE STORES, INC., Appellant,

v.

Merley CARMOUCHE, Appellee.

No. 5796.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1977.

449

R. Doak Bishop, Fulbright & Jaworski, Houston, for appellant.

Gerald J. Goodwin, Brock, Williams & Boyd, Houston, for appellee.

HALL, Justice.

Merley Carmouche brought this suit in Harris County against White Stores, Inc., to recover damages for injuries to her person allegedly caused by defendant's negligence when she was shopping in defendant's store. The gist of plaintiff's action was that when she sat on a patio chair on display in defendant's store, the chair fell forward throwing her to the floor and she was injured.

Defendant filed a plea of privilege to have the cause transferred to Wichita County, the asserted county of its residence. Plaintiff controverted the plea under the provisions of subdivisions 9a and 23 of Article 1995, Vernon's Tex.Civ.St. After a hearing by the court without a jury, the plea of privilege was overruled. Defendant appeals. We reverse and remand.

To defeat defendant's plea of privilege under subdivision 9a of the venue statute, plaintiff was required to prove as necessary venue facts that her injuries were proximately caused by the defendant's negligence in the county of suit. There is no evidence that plaintiff was injured in Harris County. The only proof relating to this question is plaintiff's testimony that she was injured in defendant's store, and that the store was located "on Lyons Avenue."

Under the pertinent parts of subdivision 23 of the venue statute plaintiff was required to prove that defendant was a private corporation and that the suit was brought in the county in which defendant's principal office is situated, or in the county in which the cause of action or part thereof arose, or in the county in which plaintiff resided at the time the cause of action or part thereof arose and that defendant had an agency or representative in such county, or in the county nearest that in which plaintiff resided at said time in which defendant had an agency or representative.

Plaintiff did not plead or prove that defendant is a private corporation. Additionally, there is no proof showing the county in which plaintiff resides. The only proof relating to the place of her residence is her testimony that she lives at "4709 Woolworth." And, as we have said, there is no evidence showing the county in which plaintiff was injured or in which defendant's store is located.

We need not rule on remaining complaints.

The order overruling the plea of privilege is reversed. The case is remanded to the trial court under the authority of *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458, 459 (1948).

Reversed and remanded.